UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES,

                Plaintiff,                                        Hon. Wendell A. Miles

v.                                                       Case No. 5:04 CV 194

PAUL JENSEN, et al.,

                Defendants.

_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendants Jensen's, Jaramillo's, and Richardson's</u> <u>Motion to Dismiss</u>.  (Dkt. #28).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted in part and denied in part**.


## BACKGROUND

        Plaintiff has a demonstrated history of abusing the legal process.  *See, e.g., Reeves v. Smith, et al.*, Opinion, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).  In response to Plaintiff's abusive legal tactics, the Honorable Robert Holmes Bell, Chief Judge, issued an injunction against Plaintiff on March 31, 2004, which provides as follows:

> IT IS FURTHER ORDERED that an injunction is issued against plaintiff with regard to all future lawsuits filed in this court (or initially filed in the United States District Court for the Eastern District of Michigan and transferred to this court) requiring plaintiff, upon pain of dismissal: (1) to utilize the court-approved form for prisoner civil rights complaints and complete all sections of that form; (2) to limit any supplement to the complaint form to no more than three single-sided sheets of paper

> containing legibly written factual allegations; (3) to limit his complaint
> to claims arising out of a common nucleus of fact; (4) to attach to his
> complaint only those exhibits necessary to demonstrate exhaustion of the
> claims asserted in the complaint against each named defendant and not
> exhibits relating to the merits of the claim; and (5) to preclude plaintiff
> from supplementing or amending his complaint in any future case without
> having first obtained leave of court, with a brief in support of any
> application for leave to amend showing that each proposed claim is
> exhausted as to each defendant and detailing how the proposed
> amendment arises out of the same nucleus of fact, why leave should be
> granted to add claims and/or parties, and plaintiff must attach to his brief
> a copy of the proposed amended complaint.

*Reeves v. Smith, et al.*, Judgment and Injunction, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On February 12, 2003, Defendant Jensen arrived at Plaintiff's cell carrying Plaintiff's "asthma inhalers and nitro pills." Defendant Jensen threatened to throw away Plaintiff's medicine because of his "litigation." Later that same day, Defendant Ray prepared to use chemical agents on "another prisoner." Plaintiff informed Defendants Ray, Jaramillo, and Richardson that "due to health problems [he] wanted to be moved prior to the use of chemical agents." Plaintiff's request was denied. Following the use of chemical agents, Plaintiff "had to he removed for emergency health care after becoming ill." *Id.*

Defendants Jensen, Jaramillo, and Richardson filed the present motion seeking dismissal of Plaintiff's complaint. Defendant Ray has yet to be served in this matter. As detailed below, the Court recommends that Defendants' motion be granted in part and denied in part.

## STANDARD

While Defendants have captioned their pleading as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), both parties have requested that the Court consider matters

beyond Plaintiff's complaint.  Accordingly, Defendants' motion is properly characterized as a motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56.

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits.  *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994).  The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 174, 178 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 178; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996).  The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and

inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

### I.       Plaintiff did not Deprive the Court of the Ability to Enforce the PLRA

The form complaint which Plaintiff utilized in this matter contains a section requiring him to identify every lawsuit he had previously filed during his incarceration. (Dkt. #1 at 2). Plaintiff identified only one such lawsuit. *Id.* Defendants assert that, in fact, Plaintiff had previously filed twenty-six (26) lawsuits, an assertion which Plaintiff does not refute. Defendants assert that because Plaintiff provided false information to the Court regarding the number of previous lawsuits he had filed, the present action must be dismissed or that Plaintiff's pauper status must be revoked.

Defendants assert that Plaintiff's complaint must be dismissed (or his pauper status revoked) because he denied the Court the "information necessary to ascertain plaintiff's ability to proceed *in forma pauperis* under the PLRA." (Dkt. #29 at 3-4). Defendants further assert that "[d]etermination of whether a lawsuit is frivolous cannot be ascertained without knowledge of all the lawsuits filed by the prisoner prior to his proposed action." *Id.* at 4.

First, whether a lawsuit is frivolous is determined solely by reference to the allegations of the lawsuit in question.  The fact that a prisoner may have previously filed lawsuits later deemed frivolous, while perhaps impacting the determination as to whether the prisoner may proceed as a pauper, is irrelevant as to whether a separate and distinct lawsuit is frivolous.

As for Defendants' argument that Plaintiff's allegedly false statement deprived the Court of the ability to accurately determine whether he should have been permitted to proceed as a pauper in this matter, the Court is not persuaded.  The Court has long maintained its own database detailing every instance in which a lawsuit initiated by a prisoner-plaintiff has been dismissed on the ground that it is frivolous, malicious, or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(g).  Thus, the Court's ability to assess Plaintiff's request to proceed as a pauper in this matter was not affected by the alleged false statement in his complaint.

Defendants have cited no authority requiring the dismissal of Plaintiff's action for allegedly failing to accurately identify every lawsuit previously filed.  Moreover, as indicated above, the Court's ability to properly evaluate Plaintiff's request to proceed as a pauper in this matter was not impacted by Plaintiff's allegedly false statement.  In sum, Defendants' argument is without merit.

## II.        Plaintiff has Properly Exhausted his Claims

As noted above, the events giving rise to this action allegedly occurred on February 12, 2003.  Plaintiff, however, did not file a grievance regarding this alleged incident until August 22, 2004.  Alleging staff corruption, Plaintiff filed his grievance directly to Step III.[1]  Plaintiff's grievance was

---

[1] Pursuant to MDOC policy, allegations of staff corruption may be grieved directly to Step III.  *See* Mich. Dep't of Corr., Policy Directive 03.02.130.

rejected as untimely.  Defendants assert that because Plaintiff failed to timely submit his grievance, the present action must be dismissed for failure to exhaust all available administrative remedies.

In *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003), the Sixth Circuit held that while the Prison Litigation Reform Act (PLRA) requires that prisoners exhaust all available administrative remedies before initiating litigation in federal court, it does not require that prisoners exhaust such administrative remedies in a timely manner.  Specifically, the court stated that

> That prison officials did not wish to address his complaint, as they prefer only to address complaints brought before them within thirty days, is irrelevant for our purposes.  Thomas gave the state officers an opportunity, which is all that is required.  We may not penalize Thomas simply because the prison does not wish to hear grievances more than thirty days after the incident. *See Oscar Meyer*, 441 U.S. at 761, 99 S.Ct. 2066.  We therefore hold that a prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural requirements.

*Thomas*, 337 F.3d at 733.

Defendants acknowledge that *Thomas* is controlling in this matter, but nonetheless ask this Court to rule otherwise.  In support of their position, Defendants rely on the dissenting opinion in *Thomas*, as well as a pair of unpublished decisions by the Sixth Circuit.

The Court understands that Plaintiff's repeated failure to file his grievances in a timely manner makes it more difficult for prison authorities to address his allegations in the first instance - the very purpose underlying the exhaustion requirement.  It must be recognized, however, that the practical effect of Defendants' argument is to transform the MDOC regulations regarding the timeliness of grievances into a claim-defeating statute of limitations.

While the Court is not unsympathetic to Defendants' concerns, it cannot recommend such a result in the absence of controlling authority expressly requiring such. Defendants have identified no such authority. Therefore, the Court rejects Defendants' invitation to elevate MDOC policy to the status of claim-defeating statute of limitations. Accordingly, the Court concludes that Plaintiff has properly exhausted his claims in this matter.

**III.       Plaintiff's Retaliation Claim**

Plaintiff asserts that Defendant Jensen threatened to throw away his medication. Plaintiff claims that Defendant made this threat in retaliation for Plaintiff having previously filed a lawsuit against him. The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

1.       Protected Conduct

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Id.* at 391 (citations omitted). This protection also guarantees to inmates the right to file non-frivolous grievances. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to access the courts extends to established prison grievance procedures, filing non-

frivolous grievances constitutes protected conduct); *Violett v. Reynolds*, 2003 WL 22097827 at *2 (6th Cir., Sep. 5, 2003) (same).

On December 30, 2002, Plaintiff initiated a lawsuit against various individuals including Defendant Jensen. (*Reeves v. Overton, et al.*, case no. 1:02-cv-949 (W.D. Mich.)). In this particular action, brought under 42 U.S.C. § 1983, Plaintiff alleged numerous violations of his constitutional rights. As of February 12, 2003, the date on which the events giving rise to the present action allegedly occurred, Plaintiff's claim against Defendant Jensen was still pending. Plaintiff asserts that Defendant retaliated against him because he was named as a defendant in his December 30, 2002 action. The Court concludes, therefore, that Plaintiff was engaged in protected conduct.

2.      Adverse Action Which Would Deter a Person of Ordinary Firmness

As the Sixth Circuit has held, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603 (quoting *Thaddeus-X*, 175 F.3d at 398). Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* at 603 (quoting *Thaddeus-X*, 175 F.3d at 398).

The Court cannot conclude that the alleged threat to throw away and, therefore, deprive Plaintiff of medication to treat his asthma and what appears to be a heart condition is in any way

"inconsequential." Therefore, there exists a factual dispute as to whether Defendant's alleged conduct was sufficient to deter a person of ordinary firmness.

3. Causal Connection

To sustain his retaliation claim, Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue, and as has been recognized, while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial. As the Sixth Circuit has stated, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399; *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if Defendant demonstrates that he "would have taken the same action in the absence of the protected activity," he is entitled to summary judgment. *Thaddeus-X*, 175 F.3d at 399.

Defendant Jensen's alleged retaliatory conduct occurred shortly after Plaintiff filed his December 30, 2002 lawsuit. Moreover, Plaintiff's claims against Defendant Jensen were still pending as of February 12, 2003, the date on which Defendant Jensen allegedly threatened to throw away Plaintiff's medication. Thus, Plaintiff has submitted evidence from which a reasonable juror could conclude that the allegedly retaliatory conduct by Defendant Jensen was motivated, at least in part, by Plaintiff's December 30, 2002 lawsuit. On the other hand, Defendant Jensen has failed to submit any

evidence calling this conclusion into doubt.  The Court concludes, therefore, that Defendant Jensen is not entitled to summary judgment in this matter.

**IV.          Plaintiff's Eighth Amendment Claims**

Plaintiff asserts that Defendants Ray, Jaramillo, and Richardson denied his request to be removed from his cell before chemical agents were used on "another prisoner."  Plaintiff claims that after the chemical agents were used he became ill.  Plaintiff has not identified the precise nature of this particular claim.  The Court, however, has interpreted this claim as implicating Plaintiff's rights under the Eighth Amendment.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment.  While this does not provide to inmates the right to be housed in "comfortable prisons," it does impose upon prison officials the obligation to ensure that the conditions under which inmates are confined are at least humane.  *See Farmer v. Brennan*, 511 U.S. 835, 832 (1994).  Accordingly, a prison official violates the Eighth Amendment by acting with "deliberate indifference" to a substantial risk of serious harm to an inmate.  *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996) (quoting *Farmer*, 511 U.S. at 828).  However, it must be remembered that "the Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience."  *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992); *see also*, *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (recognizing that the Eighth Amendment does not protect against "mere discomfort or inconvenience").

When determining whether a prison official's conduct falls below this standard, the court employs a two prong test containing an objective and a subjective component.  The objective component

considers whether the alleged deprivation was sufficiently serious, whereas the subjective component examines the official's state of mind to determine whether he acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834.

Regarding the objective component, Plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." Failure to provide inmates with the "minimal civilized measure of life's necessities" presents such a condition. *Id.* However, the Eighth Amendment is not implicated simply because prison conditions are uncomfortable; while prison conditions are often harsh and restrictive, such is part of the penalty that prisoners pay for their crimes against society. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Accordingly, the deprivation must be "excessive" in order to sustain a conditions of confinement claim. *Williams v. Mehra*, 186 F.3d 685, 691-92 (6th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

If the deprivation is deemed to be sufficiently serious, it must then be determined whether the official possessed a sufficiently culpable state of mind. Deliberate indifference is more than mere negligence, as liability does not attach for "ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835. Instead, it must be established that the official knew of and disregarded an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 836-38.

Plaintiff has failed to establish that his medical needs are sufficiently serious. There is no evidence that his asthma is so severe that it is medically necessary to remove him from his cell every time prison officials are required to use chemical agents on another prisoner in the general vicinity.

Furthermore, there is no evidence that Defendants were deliberately indifferent to Plaintiff's safety.  The medical evidence further undermines Plaintiff's claim.

According to the medical records submitted in this matter, Plaintiff was examined by a doctor following the deployment of chemical agents.  (Dkt. #35, Exhibit G).  The results of a physical examination were unremarkable.  Plaintiff was given his prescribed medication after which he was observed to be "resting okay."  *Id.*  At most, Plaintiff experienced only discomfort or inconvenience.  Such is insufficient to merit relief under the Eighth Amendment.  Accordingly, the Court concludes that Defendants Jaramillo, and Richardson are entitled to summary judgment.


## V.         Plaintiff's Claims Against Defendant Ray

Plaintiff initiated the present action on November 5, 2004.  On November 22, 2004, the Court directed that Plaintiff's complaint be served on Defendants.  Summonses were issued on December 9, 2004.  Service was subsequently effected on Defendants Jensen, Jaramillo, and Richardson.  The attempt to serve Defendant Ray, however, was unsuccessful.  The summons for Defendant Ray was returned unexecuted to the United States Marshal on January 19, 2005.  Defendant Ray has still not been served and Plaintiff has never requested the Court's assistance in effecting service on this Defendant.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an

appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, as well as the lack of merit in Plaintiff's claim against Defendant Ray, the Court recommends that Plaintiff's claim against Defendant Ray be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendants Jensen's, Jaramillo's, and Richardson's Motion to Dismiss, (dkt. #28), be **granted in part and denied in part**. Specifically, the Court recommends that Defendants Jaramillo and Richardson are entitled to summary judgment in this matter, but that Plaintiff's claim against Defendant Jensen be permitted to go forward. The Court further recommends that Plaintiff's claims against Defendant Ray be **dismissed** for Plaintiff's failure to timely effect service.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: July 6, 2005                            /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge

-13-