UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DANIEL REEVES, JR., #241575

    Plaintiff,

v                                          Case No. 5:04 cv 194

PAUL WILLIAM JENSEN,                 Hon. Wendell A. Miles
J. MARAMILLO,
W. RAY, and
M. RICHARDSON,

    Defendants.

_____/

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION and
ORDER DENYING PLAINTIFF'S MOTION REGARDING UNSERVED DEFENDANT

       This is a *pro se* civil rights action filed by a Michigan prisoner under 42 U.S.C. § 1983. On July 6, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the motion to dismiss filed by three of the defendants, Jensen, Jaramillo, and Richardson, be granted in part and denied in part. The R & R also recommended that plaintiff's claims against the unserved defendant, W. Ray, be dismissed without prejudice for failure to timely effect service. Both plaintiff and defendant Jensen have filed objections to the R & R. Plaintiff has also filed a "Motion for Court Assistance in Locating Unserved Defendant Willie Ray and Serve Summons and Complaint [sic] on Defendant Ray and Enlargement of Time" (docket no. 42).

       The court, having reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action, having reviewed the file in this matter, and having reviewed the

objections filed by plaintiff and defendant Jensen, determines that the Magistrate Judge has made a thorough and accurate review of the issues and agrees with the reasoning and recommended disposition contained in the R & R.

With regard to the unserved defendant Ray, the R & R provides the notice contemplated by Fed.R.Civ.P. 4(m). Court records reflect that plaintiff did not serve his motion to enlarge time and for assistance in serving defendant Ray until July 7, 2005, the day after the R & R was entered recommending dismissal of the claims against Ray for failure to make timely service. However, plaintiff has known for months that the United States Marshal could not serve Ray at the address plaintiff provided, because Ray was no longer employed by the Michigan Department of Corrections. (The case docket sheet indicates that the summons was returned unexecuted on January 19, 2005; the reason for its unexecuted return is clearly stated on the docket. One week later, on January 26, 2005, the clerk mailed plaintiff a docket sheet after he wrote to request a copy.) Plaintiff has not shown good cause for waiting nearly six months to request assistance in locating defendant Ray or to request an extension of time in which to do so. The court therefore denies plaintiff's current motion.

However, even if plaintiff had shown the good cause required to extend the time for service on defendant Ray, the court would not be inclined to grant plaintiff's motion. Plaintiff's claim against defendant Ray is based on Ray's alleged participation in the spraying of chemical agents on *another* prisoner (not plaintiff) after rejecting plaintiff's demand to be moved before the chemicals were used. Plaintiff does not allege that he experienced any particular injury as a

result of the use of the chemicals, apart from "becoming ill" and having to be removed from his cell.  As the Magistrate Judge noted in the R & R, the medical records submitted in this matter show that after the incident, plaintiff was merely given the medication which had already been prescribed for him, and he was described as "resting okay."  Therefore, even assuming that plaintiff establishes that Ray committed the acts which plaintiff alleges, plaintiff experienced no more than a de minimis physical injury.

      Title 42 U.S.C. § 1997e(e) expressly provides as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

"Courts have generally construed this provision as a limitation on the relief a prisoner can receive for injuries suffered while in custody." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 807 (10th Cir. 1999).  The statute "draws no distinction between constitutional claims that require proof of an improper motive and those that do not." Crawford-El v. Britton, 523 U.S. 574, 597, 118 S.Ct. 1584, 1596 (1998).  Although § 1997e(e) does not define "physical injury," case law construing the statute tends to reflect the view that although the predicate injury need not be significant, it must be more than de minimis.  See Jarriett v. Wilson, 414 F.3d 634, 640 (6th Cir. 2005) (swelling, pain, and cramps in leg after plaintiff's release from strip cage was no more than *de minimis* injury for purposes of § 1997e(e), where subsequent medical findings related to prior injury plaintiff suffered in motorcycle accident); see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (plaintiff's alleged injury – a sore, bruised ear lasting for three days – was de minimis and did not support a valid Eighth Amendment claim for excessive use of force

nor did plaintiff have the requisite physical injury to support a claim for emotional or mental suffering).

Even assuming that plaintiff experienced a reaction to the use of chemical agents on another prisoner, he suffered at most only de minimis physical injury and was treated using medications he had already been receiving. Under § 1997e(e), plaintiff therefore has no claim for relief against defendant Ray as a matter of law for any mental anguish which he experienced as a result of not being moved before use of chemical agents on another prisoner. Under the circumstances, granting plaintiff an extension of time in which to complete service on this defendant would serve no purpose.

## **CONCLUSION**

The court hereby approves and adopts the R & R as the decision of the court. The court therefore grants summary judgment in favor of defendants Jaramillo and Richardson on plaintiff's claims against them, and denies summary judgment in favor of defendant Jensen. The court also denies plaintiff's motion for assistance and additional time in which to serve defendant Ray, and the claims against this defendant are dismissed without prejudice.

So ordered this 30th day of August, 2005.

                                                /s/ Wendell A. Miles
                                                Wendell A. Miles
                                                Senior U.S. District Judge