UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

          Plaintiff,          Case No. 5:04-cv-194

v.          Honorable Wendell A. Miles

PAUL WILLIAM JENSEN et al.,

          Defendants.
_____/

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL - THREE STRIKES**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court issued an opinion and order dismissing Plaintiff's action on May 17, 2007. Plaintiff subsequently filed a notice of appeal. Plaintiff has now filed two notices of appeal with regard to the Court's May 17 order (dockets #195 and 197), but has failed to submit the $455.00 filing fee. Because Plaintiff has filed at least three lawsuits which were dismissed for failure to state a claim, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $455.00 appeal fee within thirty days of this order.

**Discussion**

      The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton*

*v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action *or appeal* a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in this Court, having filed approximately fifty civil actions. The Court has dismissed three of his actions for failure to state a claim. *See Reeves v. Eyers*, No. 1:04-cv-790 (W.D. Mich. Jan. 4, 2005); *Reeves v. Eyers et al.*, No. 5:04-cv-202 (W.D. Mich. Dec. 21, 2004); *Reeves v. Grider*, No. 5:04-cv-185 (W.D. Mich. Nov. 30, 2004).  In addition,

Plaintiff previously has been denied leave to proceed *in forma pauperis* numerous times on the basis of the three-strikes rule.  *See, e.g., Reeves v. Gilman et al.*, 1:06-cv-483 (W.D. Mich. July 25, 2006); *Reeves v. Visser et al.,* No. 1:06-cv-485 (W.D. Mich. July 20, 2006); *Reeves v. Wolever*, No. 1:05-cv-453 (W.D. Mich. Aug. 11, 2005); *Reeves v. Grider et al.*, No. 5:05-cv-8 (W.D. Mich. Feb. 23, 2005); *Reeves v. Wolever et al.*, No. 4:05-cv-1 (W.D. Mich. Jan. 13, 2005).  Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* on appeal.  Plaintiff has thirty days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $455.00, to the Clerk of this Court.  Plaintiff's failure to comply with this order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

A copy of this order shall be certified by the Clerk to the Court of Appeals.  FED. R. APP. P. 3(d).

Dated: June 20, 2007                         /s/ Wendell A. Miles
                                              Wendell A. Miles
                                              Senior U.S. District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**