UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DANIEL REEVES, JR., #241575

    Plaintiff,

v

                                                    Case No. 5:04-cv-194

                                                    Hon. Wendell A. Miles

PAUL WILLIAM JENSEN, "ET AL,"

    Defendant.

_____/

ORDER ON PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 60(b)

This is a civil rights action filed under 42 U.S.C. § 1983 by Michigan prisoner Fred Reeves.  On May 17, 2007, the court issued an Opinion and Order granting a motion for summary judgment by the sole remaining defendant, William Jensen.  On May 29, 2007, plaintiff filed a Notice of Appeal appealing that decision.  The matter is now currently before the court on a *pro se* motion by plaintiff for relief from the court's May 17, 2007 order under Fed.R.Civ.P. 60(b) (docket no. 200).[1]  Because jurisdiction vested in the Court of Appeals when plaintiff filed his Notice of Appeal, this court lacks jurisdiction to rule on the motion.  However, for the reasons stated below, if the court did have jurisdiction to rule, it would deny the motion.

---

[1] Plaintiff's appointed counsel is not a signator to the motion.

**Discussion**

Here, plaintiff has filed a Rule 60(b) motion while an appeal is already pending. Although a district court may, without first obtaining leave of the appellate court, take action on a Rule 60(b) motion filed after an appellate court disposes of an appeal, Standard Oil Co. of Calif. v. United States, 429 U.S. 17, 97 S.Ct. 31 (1976), "[i]t is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources, 71 F.3d 1197, 1203 (6th Cir. 1995). "As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." Rucker v. United States Dept. of Labor, 798 F.2d 891, 892 (6th Cir. 1986). Because none of the exceptions to the settled rule apply here, the court concludes that it lacks jurisdiction to act on plaintiff's Rule 60(b) motion.

Notwithstanding this court's lack of jurisdiction to rule on plaintiff's motion, case law indicates that it would be proper for the court to indicate whether it would be inclined to grant the motion. See Post v. Bradshaw, 422 F.3d 419, 422 (6th Cir. 2005) ("where a party wishes to file a Rule 60(b) motion but already has an appeal pending in this court, 'the proper procedure is for him to file the motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in [the Court of Appeals] for a remand of the

2

case in order that the District Court may grant the motion'") (quoting First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir. 1976)); Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 359 n.1 (6th Cir. 2001) ("Where a party seeks to make a motion under Fed.R.Civ.P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. . . . If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in [the Court of Appeals] for a remand of the case so that the district court can grant relief") (also citing Hirsch). Therefore, the court will indicate whether it is inclined to grant the motion, and why.

Plaintiff invokes Fed.R.Civ.P. 60(b) as a basis for relief. This rule provides as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the

3

nature of a bill of review, are abolished, and the procedure for obtaining any relief
from a judgment shall be by motion as prescribed in these rules or by an
independent action.

At the outset of his motion, plaintiff states that he is relying on "newly discovered" evidence" as a basis for relief. He thus invokes subsection (2) of Rule 60(b). In order to prevail on a Rule 60(b)(2) motion based on newly discovered evidence, the moving party must demonstrate (1) that he exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the court entered its decision. Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998). Here, plaintiff states that his request for relief is based on evidence which he provided to his appointed counsel, who "electively" declined to use it. Under the circumstances, it is difficult to comprehend how the evidence could be considered "newly discovered."[2]

In any event, it is clear that the evidence would not have produced a different result. The evidence pertains to interference with plaintiff's medications. In its decision, the court assumed that a fact finder would credit evidence that Jensen had tampered with plaintiff's medications. Opinion and Order on Defendant's Motion for Summary Judgment at 12. The court's ruling was premised on the conclusion that this alleged tampering was not sufficiently adverse as a matter of law to deter a reasonable prisoner from engaging in conduct protected by the First Amendment. Plaintiff's "newly discovered" evidence is not directed to this conclusion and does not provide a basis for granting his motion under Rule 60(b).

---

[2]Some of plaintiff's "newly discovered" evidence includes affidavits of several other prisoners, which were filed not with plaintiff's response to defendant Jensen's motion, but rather much earlier in the case. Because plaintiff did not point to them in his response brief, the court did not consider them.

Elsewhere in his motion, plaintiff relies on more than "new" evidence. In particular, he argues that the testimony and progress notes of nurse Paul Osborne, on which both sides relied and to which the court cited in its decision, are "false and misleading." Plaintiff appears to argue that there are other persons – including a corrections officer, Watkins, and two nurses, Anne Maroulis and Betty Kemp – who will contradict Osborne's testimony about what happened and when with regard to medical attention plaintiff received after being exposed to chemicals. However, no affidavits or testimony from these three individuals has been provided, nor have any medical records which contradict nurse Osborne.[3] In any event, the making of credibility determinations is prohibited on summary judgment. Keweenaw Bay Indian Community v. Rising, 477 F.3d 881, 886 (6th Cir. 2007). Plaintiff's conjecture that Watkins, Maroulis, and Kemp would discredit Osborne's testimony is insufficient to justify altering the court's decision.[4]

Finally, plaintiff's motion also includes arguments regarding deliberate indifference and Eighth Amendment claims against defendants other than Jensen. However, plaintiff's amended complaint (docket no. 135) included only one claim against one defendant – a First Amendment claim against Jensen. The court's May 17, 2007 decision addressed no other claims against no

---

[3]Plaintiff also relies on the unit log book, which he argues shows that Osborne was elsewhere when plaintiff was pulled from his cell and taken into a day room. Because plaintiff does not contend that the day room was gassed, he presumably could have breathed the cleaner air there, which could account for why Osborne found plaintiff in no severe distress. In the proposed Final Pretrial Order (docket no. 187), plaintiff agreed that it could be accepted as an established fact that "a nurse" – presumably Osborne – found plaintiff in "no severe distress" upon taking plaintiff's vital signs after the adjoining cell was gassed. Id. at 4. Therefore, at least this aspect of Osborne's testimony is not controverted.

[4]It is also noted that although plaintiff refers to evidence which could supposedly be provided by Watkins, Maroulis, and Kemp, only one of these persons – Maroulis – was listed by plaintiff as a potential witness in the proposed Final Pretrial Order (docket no. 187).

other defendants, because the court had no occasion to address claims not before it based on plaintiff's amended pleading.  Plaintiff's renewed arguments regarding deliberate indifference and the Eighth Amendment therefore do not provide a basis for the court to alter its decision.

In summary, the court is not inclined to grant plaintiff's motion.


Entered this 17th day of August, 2007.


 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge